**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | MDL NO. 2460 |
| **NIASPAN ANTITRUST LITIGATION** | |
| | |
| **THIS DOCUMENT RELATES TO:** | **MASTER FILE NO. 13-MD-2460** |
| **ALL ACTIONS** | |

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER
PURSUANT TO 28 U.S.C. § 1407(a)**

1.      This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order filed on September 17, 2013, as well as all related actions originally filed in this Court or previously transferred or removed to this Court.  All such actions are listed in Schedule A attached hereto. This Order shall also govern the practice and procedure in any related actions filed in this Court after issuance of this Order and in any tag-along actions transferred or removed to this Court.

2.      The docket in Master File No. 2460 shall constitute the Master Docket in this case.  The Clerk of Court shall file this original Order in the Master Docket and copies of this Order in the dockets of the seventeen actions listed in Schedule A attached hereto.  The Clerk of Court is directed to mark each of those individual dockets closed for statistical purposes.

3.      All of the pending Direct Purchaser Actions identified in Schedule A are hereby consolidated for all pretrial purposes.  Any case which is hereinafter filed in this Court or transferred from another court that is related to the Direct Purchaser Actions, within the meaning of Local Rule of Civil Procedure 40.1(b)(3), shall be deemed consolidated with the Direct Purchaser Actions for pretrial purposes, unless an objection is filed within fourteen (14) days of notice to counsel for the plaintiff(s) and defendant(s) in the newly-filed or transferred action, and

the objection is sustained by the Court.

4.      All of the pending End-Payor Actions are hereby consolidated for all pretrial purposes.  Any case which is hereinafter filed in this Court or transferred from another court that is related to the End-Payor Actions, within the meaning of Local Rule of Civil Procedure 40.1(b)(3), shall be deemed consolidated with the End-Payor Actions for pretrial purposes, unless an objection is filed within fourteen (14) days of notice to counsel for the plaintiff(s) and defendant(s) in the newly-filed or transferred action, and the objection is sustained by the Court.

5.      The Direct Purchaser and End-Payor Actions shall be coordinated for pretrial purposes.

6.      This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of *In re: Niaspan Antitrust Litigation*, Master File No. 2460.

7.      When a case that arises out of or relates to the same subject matter of the *In re: Niaspan Antitrust Litigation* is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

      a.   send by electronic mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case;

      b.   make the appropriate entry in the Master Docket; and

      c.   mark the separate action closed for statistical purposes.

8.      A signed original of any pleading or other document shall be filed by electronic means, through the Electronic Case Filing ("ECF") System, as is required by (and subject to the exceptions contained within) Local Rule of Civil Procedure 5.1.2.

9.      Filing of any pleading or other document via the Court's ECF system shall be deemed to satisfy the service requirement as to all parties whose counsel receive ECF notices electronically.  All attorneys of record must register for ECF and must file an appearance through the ECF system.  No service is required on any party not registered for ECF.

10.     Service of any document excluded under Local Rule of Civil Procedure 5.1.2 from the electronic case filing requirements or any document not required to be filed with the Court (e.g., expert reports, letter correspondence, etc.), shall be made on plaintiffs by serving a copy of such document on Interim Co-Lead Class Counsel by electronic means, facsimile, hand delivery or express mail (e.g., Federal Express).  Interim Co-Lead Class Counsel shall be responsible for forwarding any such document to other plaintiffs' counsel.  If service of any document not electronically filed using the ECF system is to be made on a defendant, such service can be made by serving a copy of the document by electronic means, facsimile, hand delivery or express mail (e.g., Federal Express) on counsel for the defendant.

11.     Two (2) copies of all filed documents shall be served on Chambers (Room 12613, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106) when the originals are filed.  All documents filed in these actions shall bear the following caption:


| | |
|---|---|
| **IN RE:**<br>**NIASPAN ANTITRUST**<br>**LITIGATION** | **MDL NO. 2460** |
| | |
| **THIS DOCUMENT RELATES TO:** | **MASTER FILE NO. 13-MD-2460** |


12.     When a pleading or other filing is intended to be applicable to all coordinated actions, the words "All Actions" shall appear immediately after or below the words "THIS

3

DOCUMENT RELATES TO:" in the caption set forth above.  When a pleading or other filing is intended to be applicable to all consolidated Direct Purchaser Actions, the words "All Direct Purchaser Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above.  When a pleading or other following is intended to be applicable to all consolidated End-Payor Actions, the words "All End-Payor Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above.  If a pleading or other filing does not relate to All Actions, All Direct Purchaser Actions, or All End-Payor Actions, the individual docket numbers assigned by the Clerk of Court to which the paper relates shall be listed.  If such paper relates to five or fewer actions, the abbreviated caption of each of the actions may be listed opposite its number.

13.     All filed documents shall be filed in the Master Docket.  No further copies need be filed nor other docket entries made.

14.     Any document which is to be filed in this MDL proceeding shall be filed with the Clerk of this Court and not with the transferor court.

15.     Counsel who appeared in the transferor court prior to the transfer need not enter a separate appearance before this Court.

16.     No parties to this MDL proceeding shall be required to obtain local counsel in this district, and attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation.  Under Local Rule of Civil Procedure 83.52, counsel appearing in a case transferred to this Court pursuant to an Order of the Judicial Panel on Multidistrict Litigation need not pay a *pro hac vice* fee.

17.     Hearings shall not be held on any motions filed except by order of Court upon such notice as the Court may direct.

4

18.     Any document filed in this MDL proceeding which is substantially identical to any other document filed in another of these actions shall be sufficient if it incorporates by reference the document to which it is substantially identical.  Where counsel for more than one party plan to file substantially identical documents they shall submit a joint document on behalf of all so joined.

19.     Any orders, including protective orders, previously entered by this Court or any transferor court shall remain in full force and effect unless modified by this Court upon application.

20.     The Court will be guided by the *Manual for Complex Litigation* (4th ed. 2004) approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

21.     The time by which the direct purchaser plaintiffs and end-payor plaintiffs shall each file a consolidated amended complaint is extended until January 15, 2014.  All contrary provisions of this Court's Order Regarding Schedule for Filing of Consolidated Amended Complaints and Response to Complaints, dated October 13, 2013, are vacated.  All remaining provisions of the October 13, 2013 Order shall continue in effect.

22.     The consolidated amended complaints shall serve as the operative class action complaints in this MDL case, and defendants need not answer or otherwise respond to any other putative class action complaint filed in or transferred to this MDL proceeding.

23.     An initial pretrial conference is scheduled for Wednesday, January 29, 2014, at 10:00 A.M., in Courtroom 12-B, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.  No less than seven (7) days before the conference, counsel shall submit a joint proposed case management order.  In the event the parties cannot agree, they shall include in the proposed

case management order their respective positions.  Two (2) copies of the proposed case management order shall be served on Chambers (Room 12613) when the original is filed.

To minimize costs and facilitate a manageable conference, all counsel are not required to attend the initial pretrial conference, except for one attorney with authority to speak on behalf of all members of the direct purchaser putative class, one attorney with authority to speak on behalf of all members of the end-payor putative class, and one attorney with authority to speak on behalf of all defendants.  Other counsel of record in the case may participate in the initial pretrial conference in person or by telephone.  Arrangements for telephone participation should be made with Courtroom Deputy Milahn Hall, by calling (267) 299-7339 at least four (4) days before the conference.  The initial pretrial conference will be recorded.

The Court will address at the initial pretrial conference the matters set forth in this Order and any other matters deemed appropriate by counsel.  No less than seven (7) days before the conference, counsel shall provide the Court (Chambers, Room 12613) with suggestions for matters to be included on the agenda.

**BY THE COURT:**

**Dated:**    12/23/13         Jan E. DuBois
                              **JAN E. DUBOIS, J.**

## SCHEDULE A

### End-Payor Actions

| | |
|---|---|
| *Allied Services Division Welfare Fund v. AbbVie, Inc. et al.* | No. 2:13-cv-3967 |
| *City of Providence v. AbbVie Inc., et al.* | No. 2:13-cv-5656 |
| *Electrical Workers 242 and 294 Health & Welfare Fund v. AbbVie, Inc., et al.* | No. 2:13-cv-2861 |
| *Fraternal Order of Police of Miami Lodge 20 Insurance Trust v. Abbott Laboratories, et al.* | No. 2:13-cv-3951 |
| *Greater Metropolitan Hotel Employers-Employees Health & Welfare Fund et al. v. Abbott Laboratories et al.* | No. 2:13-cv-4165 |
| *International Union of Operating Engineers Local 132 Health & Welfare Fund v. AbbVie Inc. et al.* | No. 2:13-cv-4729 |
| *Miles Wallis et al. v. Abbott Laboratories et al.* | No. 2:13-cv-4914 |
| *New England Electrical Workers Benefits Fund v. AbbVie, Inc., et al.* | No. 2:13-cv-3840 |
| *New York Hotel Trades Council & Hotel Assoc. of New York City, Inc. Health Benefits Fund, v. AbbVie Inc., et al.* | No. 2:13-cv-2523 |
| *Painters District Council No. 30 Health & Welfare Fund v. AbbVie, Inc., et al.* | No. 2:13-cv-2343 |
| *Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Abbott Laboratories et al.* | No. 2:13-cv-4863 |
| *Teamsters Union 25 Health Services & Insurance Plan v. Abbott Laboratories, et al.* | No. 2:13-cv-5455 |
| *United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund, v. Abbott Laboratories, et al.* | No. 2:13-cv-1977 |
| *United Food & Commercial Workers Union & Midwest Health Benefits Fund v. AbbVie, Inc., et al.* | No. 2:13-cv-1747 |

### Direct Purchaser Actions

| | |
|---|---|
| *Professional Drug Company, Inc. v. Abbvie, Inc., et al.* | No. 2:13-cv-1792 |
| *Rochester Drug Co-Operative, Inc. v. Abbvie, Inc., et al.* | No. 2:13-cv-1820 |
| *Value Drug Company v. Abbvie, Inc., et al.* | No. 2:13-cv-3124 |